An order may be presented in conformity herewith.

ROSINA GIORDANO, PLAINTIFF, v. CITY COMMISSION OF THE CITY OF NEWARK, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, WILLIAM SCHORN, ZONING ENFORCEMENT OFFICER OF THE CITY OF NEWARK, UNITED AMERICANS CLUB, UNITED AMERICANS CLUB HOLDING COMPANY, INC., PASQUALE PANACCIONE AND JOSEPH MANGANI, TRADING AS PANACCIONE & MANGANI, DEFENDANTS.

Superior Court of New Jersey
Law Division

Decided January 16, 1951.

*Mr. Carl F. Nitto,* attorney for plaintiff.

*Mr. Charles Handler,* Corporation Counsel of the City of Newark (*Mr. Joseph A. Ward,* of counsel), attorney for defendants City Commission of the City of Newark and William Schorn, Zoning Enforcement Officer of the City of Newark.

*Mr. Mario V. Farco,* attorney for United Americans Club and United Americans Holding Company, Inc.

*Mr. Joseph A. Rotonda,* attorney for Joseph Mangani.

DANIEL J. BRENNAN, J. S. C. This is a proceeding in lieu of prerogative writ.

It appears that some time prior to April 13, 1948, United Americans Club applied to the Building Inspector of the City of Newark for a permit to erect a building at 235 Clifton Avenue in the City of Newark. The permit was issued in due course. Construction began on the building and in the course of construction it was discovered that the building was being erected beyond the setback line fixed in the zoning ordinance of the City of Newark. The club then made application to the zoning board of adjustment for a variance which was granted on April 13, 1948, and approved by the city commission by resolution adopted and passed on April 21, 1948.

Writ of *certiorari* in the cause was issued on May 26, 1948, by the old Supreme Court but the cause was thereafter transferred to the Appellate Division of the new Superior Court. On March 15, 1949, the Appellate Division of the Superior Court set aside the resolution of the board of commissioners and the determination of the board of adjustment, *vide Giordano v. City Commission of the City of Newark,* 2 *N. J. Super.* 45 (*App. Div.* 1949), and did issue mandate accordingly. From the judgment of the Appellate Division the defendants appealed and on June 30, 1949, the action of the Appellate Division was affirmed by the Supreme Court, *vide Giordano v. City Commission of the City of Newark,* 2 *N. J.* 585 (1949), and its mandate entered thereon.

Plaintiff in the complaint here demands that the defendants be directed, commanded and enjoined to enforce the judgments and mandates aforesaid and to compel the United Americans Club to move the building back to conform with the build-back line and to enforce a penalty if the said United Americans Club fails to do so within a reasonable time, and demands costs of suit. She seeks this relief by a summary judgment under *Rule* 3 :81–4.

The defendants City Commission of the City of Newark, William Schorn, Zoning Enforcement Officer of the City of Newark, United Americans Club and United Americans Club Holding Company, Inc., deny any liability on their part and seek summary judgment by appropriate motion.

The defendants United Americans Club and United Americans Club Holding Company, Inc., by way of answer deny any liability to the plaintiff on their behalf and by cross-claim attack such part of the zoning ordinance of the City of Newark as provides for setback of the premises in question.

An answer and cross-claim was filed on behalf of defendants Pasquale Panaccione and Joseph Mangani trading as Panaccione & Mangani which, by order entered on January 9, 1951, was withdrawn by reason of the fact that it was filed by inadvertence.

Defendant Joseph Mangani filed an answer denying any liability on his part and by way of separate defense asserted that he performed work and labor on said premises as one of several contractors acting in compliance with permit issued by the City of Newark authorizing him to proceed with the work and upon orders of United Americans Holding Company. It is admitted this defendant did not otherwise participate in these proceedings.

The fundamental question for resolution is whether or not this court has the right to order the authorities of the City of Newark, here made parties defendant, to enforce the judgments and mandates aforesaid, and to compel the United Americans Club to conform with the build-back line, and to enforce a penalty if the United Americans Club fails to do so within a reasonable time. The pertinent part of the mandate of the Appellate Division after opinion reads as follows:

"* * * Ordered and adjudged that the resolution of the Board of Commissioners and the determination of the Board of Adjustment of the City of Newark is in all things reversed, set aside and for nothing holden, with costs; * * * and that the record and proceedings be remitted to the said Board of Commissioners and Board of Adjustment of the City of Newark to be there proceeded with in accordance with the rules and practice relating to that court, consistent with the opinion of this Court."

The mandate on affirmance, issued out of the present Supreme Court, provides as follows:

"This cause having been duly argued before this Court by Mr. Joseph A. Ward, counsel for appellants, the City Commission of the City of Newark, et al., and Mr. Lawrence Friedman, counsel for appellants, United Americans Clubs, et al., and Mr. Nicholas Conover English, counsel for the respondent, and the Court having considered the same.

"It is hereupon ordered and adjudged that the judgment of the said Superior Court—Appellate Division is affirmed with costs; and it is further ordered that this mandate shall issue ten days hereafter, unless an application for rehearing shall have been granted or is pending, or unless otherwise ordered by this Court, and that the record be remitted to the Superior Court—Appellate Division to be there proceeded with in accordance with the rules and practice relating to that court, consistent with the opinion of this Court."

There is in my judgment no power resident in this court in the instant case to direct the appropriate authorities of the City of Newark to enforce its zoning ordinance or to compel the United Americans Club to move the building back to conform with the build-back line or to enforce a penalty in the event of its failure so to do.

In *Lanni v. Bayonne*, 7 *N. J. Super*. 169 (*App. Div.* 1950), the Appellate Division of the Superior Court held as follows:

"The general rule is that the enforcement of ordinances is a governmental function and, in the absence of a statute imposing liability, a municipality is not liable for failure to enforce ordinances which have been enacted." Citing 6 *McQuillin Municipal Corporations* (*2d ed.* 1936), § 2802; 63 *C. J. S., Municipal Corporations*, § 769; 38 *Am. Jur., Municipal Corporations*, § 603. See 46 *A. L. R.* 1434; 161 *A. L. R.* 1404. In *Ventnor City v. Fulmer*, 92 *N. J. Eq.* 478 (*Ch.* 1921), the court (Leaming, V. C.) held that there was no authority in the court for the enforcement of an ordinance of a municipality by process of injunction, and this on the application of the municipality so to do. This case was affirmed in a *per curiam* opinion by our then Court of Errors and Appeals in 93 *N. J. Eq.* 660 (1922). In *Massaro v. Cigolini*, 1 *N. J. Super*. 484 (*Ch. Div.* 1948), in an opinion

by Donges, J. S. C., there was a holding to the like effect. *Vide* also *Borough of Wallington v. Tube Reducing Co.,* 136 *N. J. Eq.* 518 (*Ch.* 1945).

There is nothing in the mandate of either the Appellate Division of the Superior Court or of the Supreme Court containing any direction from which this court can derive any authority to grant the relief that the plaintiff seeks.

The motion of the defendants City Commission of the City of Newark, William Schorn, Zoning Enforcement Officer of the City of Newark, United Americans Club and United Americans Club Holding Company, Inc., for summary judgment is granted. The motion of the plaintiff, Rosina Giordano, for summary judgment is denied.

The cross-claim of the defendants United Americans Club and United Americans Club Holding Company, Inc., is dismissed in the light of the opinion in the Superior Court as well as the Supreme Court, *supra.*

This determination is dispositive of the issues as to the parties litigant except Joseph Mangani who, although served with notice of the respective motions, did not participate in the arguments before this court. In the light of the disposition herein reflected the complaint of the plaintiff as it refers to this defendant is dismissed of the court's own motion.

There will be no costs to any party as against the other on the motions and cross-claim.

Submit order accordingly.